IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE COLLADO NUNEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> LEONARD ODDO, *in his official capacity as* ) <br> *Warden of Moshannon Valley Processing* ) <br> *Center*; ) <br> BRIAN MCSHANE, *in his official capacity as* ) <br> *Acting Field Office Direction of Immigration* ) <br> *and Customs Enforcement, Enforcement and* ) <br> *Removal Operations Philadelphia Field* ) <br> *Office*; ) <br> KRISTI NOEM, *in her official capacity as* ) <br> *Secretary of the Department of Homeland* ) <br> *Security*; *and* ) <br> PAMELA BONDI, *in her official capacity as* ) <br> *Attorney General of the United States*, ) <br> ) <br> Respondents. ) | Civil Action No. 25-CV-143J <br><br> Magistrate Judge Maureen P. Kelly <br><br> ECF Nos. 1 and 25 |

**MEMORANDUM OPINION**

Petitioner Jose Collado Nunez ("Petitioner") is an immigration detainee who is being held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania. Petitioner submitted a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (the "Petition") on May 14, 2025. ECF No. 1, refiled as errata at ECF No. 2. In the Petition, Petitioner challenges his lengthy immigration detention,[1] and seeks an order either requiring either Petitioner's

---

[1] Petitioner alleges that he is detained under 8 U.S.C § 1225(b). ECF No. 1 at 12. Respondents argue that he is subject to mandatory detention under 8 U.S.C. § 1226(c). ECF No. 13 at 10. It is unnecessary to resolve this particular disagreement, as courts within this Circuit have applied the same due process standard to immigration detention on both bases  See German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203, 206 (3d Cir. 2020) (setting forth the due process balancing factors for Section 1226(c) mandatory detention); see also A.L. v. Oddo, 761 F. Supp. 3d 822, 825-26 (W.D. Pa. 2025) (applying German Santos to a detainee held under Section 1225(b)).

1

immediate release from detention, or a bond hearing before an immigration judge ("IJ") at which the Department of Homeland Security ("DHS") bears the burden to demonstrate that he should remain detained. ECF No. 1 at 1, 24-25. For the reasons that follow, the Petition will be conditionally granted.

On August 18, 2025, Petitioner filed an unopposed Letter Motion for Expedited Ruling.[2] ECF No. 25. In light of the conditional grant of the writ as set forth herein, this motion will be denied as moot.

## I.    RELEVANT BACKGROUND AND FACTS

In the Petition, Petitioner alleges that he is a citizen of the Dominican Republic, and became a lawful permanent resident ("LPR") of the United States in 1999, when he was a child. ECF No. 1 at 1, 2, and 7.

On July 11, 2023, Petitioner was returning to the United States from the Dominican Republic. ECF No. 13-1 at 3. He was stopped and interrogated by Customs and Border Protection

---

Moreover, it appears that the parties largely agree that the application of German Santos to the instant matter is appropriate. ECF No. 1 at 14; ECF No. 13 at 10; ECF No. 22 at 3. But see ECF No. 1 at 18-19 and n.12 (arguing for the application of the three-part balancing test set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).

To the extent that Petitioner maintains his argument that Mathews should apply, the undersigned finds that the German Santos analysis is the better fit, as it specifically relates to the due process rights of an immigration detainee who, like Petitioner, effectively is being held indefinitely. Further, the application of German Santos to Section 1225(b) detention by Judge Haines in A.L. is persuasive. Moreover, in light of Petitioner's entitlement to federal habeas relief under the German Santos standard, as well his expressed desire to expedite these proceedings, ECF No. 25, there seems to be little point to an in-depth analysis as to whether Petitioner should be entitled to relief on this alternate basis.

[2] Point I.A. of the undersigned's Practices and Procedures expressly provides that the use of letter motions is disfavored. Counsel is advised that these Practices and Procedures are available at https://www.pawd.uscourts.gov/sites/pawd/files/kelly_pp.pdf.

2

officers at John F. Kennedy Airport in New York, but ultimately was paroled into the United States on that date. Id. at 4.

Almost a year later, on June 20, 2024, Petitioner was issued a Notice to Appear ("NTA"), in which he was charged with being an arriving alien who was inadmissible[3] due to having committed various crimes involving moral turpitude.[4] ECF No. 1-4 at 2. The asserted crimes of moral turpitude in the NTA are a conviction for manslaughter in the second degree, in violation of N.Y Penal Law § 125.15, as well as convictions for two counts of Petit Larceny, in violation of N.Y Penal Law § 155.25, in a separate case. Id. at 5. As a result of these charges, Petitioner has been detained in DHS custody since the NTA was served on June 20, 2024. Id. at 3, ECF No. 1-5 at 2; ECF No. 1-2 at 11.

The record indicates that Petitioner appeared *pro se* at several hearings in immigration court on July 8, 2024, ECF No, 13-6; August 7, 2024, ECF No. 13-8; September 4, 2024, ECF No. 13-9; and October 2, 2024, ECF No. 13-11. At least some of those hearings involved the IJ's exploration of Petitioner's competency based on Petitioner's allegation of substantial mental health issues, as well as MVPC's failure to provide him with his prescribed medication. ECF No. 13-9 at 5-8; ECF No. 13-10 at 5-11.

Petitioner obtained counsel, and had a merits hearing before the IJ on January 30, 2025. ECF No. 13-12. On February 21, 2025, the IJ issued an oral decision, in which he granted relief

---

[3] The language of the NTA never explicitly alleges that Petitioner is inadmissible. ECF No. 1-4. However, its invocation of "Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act," which corresponds to 8 U.S.C. § 1182(a)(2)(A)(i)(I), clarifies that admissibility is the issue underlying Petitioner's removal proceedings.

[4] LPRs, such as Petitioner, are deemed to be seeking admission to the United States when returning from abroad if certain conditions are met. 8 U.S.C. § 1101(a)(13)(C). One of those is the commission of an offense identified in 8 U.S.C. § 1182(a)(2). Id. at § 1101(a)(13)(C)(v). This includes a so-called "crime involving moral turpitude." Id. at § 1182(a)(2)(A)(i)(I).

in the form of cancellation of removal pursuant to INA § 240a.[5] ECF No. 13-13 at 13. However, in the same order, the IJ denied Petitioner's application to for waiver of inadmissibility pursuant to INA § 212(h),[6] and did not reach Petitioner's applications for other forms of relief. Id. at 13-14. See also ECF No. 1-9.

Both parties appealed the IJ's decision to the Board of Immigration of Appeals ("BIA") on different grounds. ECF No. 13-15 at 6; ECF No. 13-16 at 6. On August 22, 2025, Petitioner filed a notice indicating that the BIA had remanded his case back to the IJ "to allow for further development of the record and the consideration of any new evidence to support a grant of relief." ECF No. 26 at 1. This statement is vague, and Petitioner's counsel did not attach a written decision to the notice. As a result, it is unclear what bases for relief remain available for the IJ to consider.

Be that as it may, during these entire proceedings – and to the present day –Petitioner has been detained. He has sought release administratively several times – including through a custody redetermination on August 19, 2024, ECF No. 1-5 at 2; at his hearing dated September 4, 2024, ECF No. 13-8 at 19-20; and through various administrative requests to Immigration and Customs Enforcement in December of 2024 and January of 2025, ECF Nos 1-6, 1-7, and 1-8.

Petitioner never has been granted a bond hearing – and it appears that, while the parties disagree on the exact statute under which Petitioner is held, his detention is mandatory under whichever statute applies.

The Petition was effectively filed on May 14, 2025. ECF No. 1. Respondents answered on June 17, 2025. ECF No. 13. Petitioner filed a Traverse on July 18, 2025. ECF No. 22. The

---

[5] INA § 240a(a) corresponds to 8 U.S.C. § 1229a(a).

[6] INA § 212(h) corresponds to 8 U.S.C. § 1182(h)

4

parties consented to the jurisdiction of a United States Magistrate Judge on June 25, 2025. ECF Nos. 12 and 16.

The Petition is ripe for consideration.

## II.  DISCUSSION

28 U.S.C. § 2241 allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" Id. at § 2241(c)(3). This Court has jurisdiction to hear the merits of this case. German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203, 208 (3d Cir. 2020) (finding that a district court has jurisdiction under Section 2241 to consider an alien's challenge to detention by immigration authorities under Section 1226(c)). See also A.L. v. Oddo, 761 F. Supp. 3d 822, 825-26 (W.D. Pa. 2025) (applying German Santos to a detainee held under 8 U.S.C. § 1225(b)).

In German Santos, the United States Court of Appeals for the Third Circuit recognized that "an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause [of the Fifth Amendment]." 965 F.3d at 210. Indeed, "when detention becomes unreasonable, the Due Process Clause demands a hearing." Id. (internal citations omitted). The Third Circuit held that such a "hearing" in this context is a bond hearing at which the government bears the burden of proof to justify detention by clear and convincing evidence. Id. at 213. "That evidence must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." Id. at 214.

The determination of whether Petitioner's continued detention – either under Section 1225(b) or under Section 1226(c) – is unreasonable is a "highly fact-specific inquiry." 965 F.3d at 210 (internal citations and quotation marks omitted). To aid in this inquiry, the Third Circuit has identified four factors for consideration. These factors are: (a) the duration of Petitioner's

detention; (b) the likelihood of continued detention; (c) the reasons for any delay; and (d) the conditions of Petitioner's confinement. Id. at 212. These will be evaluated *seriatim*.

### A. Duration

The first and "most important" factor for the habeas court to consider is the "duration of detention." Id. at 211. Although the Third Circuit refused to adopt a presumption of reasonableness of any specific duration in German Santos, it recognized that the detention of the petitioner in that case for two-and-a-half-years was "five times longer than the six months that [the Supreme Court in Demore v. Kim, 538 U.S. 510, 530-31 (2003)] upheld as only 'somewhat longer than average.'" German Santos 965 F.3d at 211, 212.

Here, Petitioner has been continuously detained since June 20, 2024 – just over of 14 months as of the date of this writing. Under the circumstances, this Court finds that the length of his detention without a bond hearing by an independent arbiter weighs strongly in favor of granting habeas relief.

### B. Likelihood of Continued Duration

The second factor that the habeas court must consider is "whether the detention is likely to continue." Id. at 211. When an alien's removal proceedings "are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." Id.

Here, Petitioner recently was granted relief in the form of cancellation of removal on February 21, 2025. ECF No. 1-9 at 2. Both parties appealed various aspects of the IJ's order to the BIA. ECF Nos. 13-15 and 13-16. The BIA remanded Petitioner's case to the IJ on or about August 22, 2025 – although the basis for the remand has not been disclosed to this Court. ECF No. 26. Petitioner remains detained by ICE. Further, ICE has rebuffed Petitioner's prior requests for release. ECF Nos 1-6, 1-7, and 1-8.

Given these facts, it is likely that Petitioner will remain detained for the foreseeable future. This factor also weighs heavily in favor of granting habeas relief.

### C. Reasons for Delay

The third factor that the habeas court must consider is "the reasons for the delay such as a detainee's request for continuances." German Santos, 965 F.3d at 211. In this analysis, the Court "ask[s] whether either party made careless or bad-faith 'errors in the proceedings that causes unnecessary delay.'" Id. (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 234 (3d. Cir. 2011)).

Courts are not to "hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings" because "[d]oing so, and counting this extra time as reasonable, would effectively punish [him] for pursuing applicable legal remedies." German Santos, 965 F.3d at 211 (citations and internal quotation marks omitted). Similarly, any legal errors by the government should not be held against Respondents unless there is evidence of carelessness or bad faith. Id. "That said, detention under § 1226(c) can still grow unreasonable even if the Government handles the removal proceedings reasonably." Id. (internal citation omitted).

It is undisputable that Petitioner had several hearings prior to counsel entering an appearance. That said, the record indicates that some of those hearings were based in the IJ's justifiable concern over Petitioner's competency, and Petitioner had a merits hearing only about 7 months after his detention began. Further, while it appears that Petitioner sought an extension of time to file his brief at the BIA, see ECF No. 13-14, that extension was only for 21 days – hardly unreasonable.

Here, the record does not support the conclusion that any party is responsible for the sort of unreasonable or bad faith delays contemplated by the Third Circuit in German Santos. This factor is neutral.

**D.     Conditions of Confinement**

The fourth and final factor the habeas court considers is "whether the alien's conditions of confinement are meaningfully different from criminal punishment." German Santos, 965 F.3d at 211.

As explained above, Petitioner has been detained at MVPC for over 14 months. He has submitted a declaration, subject to penalty of perjury, in which he avers that conditions at MVPC are very much like prison. ECF No. 1-3. These conditions include:

- being restricted to his pod for around 20 hours a day, id. at 5;

- communal toilets, id.;

- being forced to wear a uniform, id. at 6;

- differing security designations among the detainees, id.;

- being housed alongside "other high security individuals with a wide range of criminal convictions[,]" id.;

- restricted privileges due to Petitioner's security status, id.;

- wages for scarce inmate jobs being extremely low, id.;

- limited access to phone calls, id.;

- limited food choices, id.;

- solitary confinement for disciplinary infractions, id.;

- the existence of what appears to be mental health segregation, id. at 6-7;

- restricted access to ineffective medical care, id. at 7; and

- violent interactions between detainees and prison guards, id.

Respondents were given an opportunity to submit evidence of prison conditions in their Answer. They chose instead to rely on attorney argument that Petitioner's conditions of confinement are not akin to criminal punishment because MVPC houses immigration detainees. ECF No. 13 at 15. Respondents do not provide any affidavits, declarations, or other evidence to support their argument.

Petitioner is not free to leave MVPC, and has provided sufficient contemporary, persuasive evidence in his declaration that his conditions of confinement are like those of a prison. Accord. Morgan v. Oddo, No 24-cv-221J, 2025 WL 1134979, at *4-5 (W.D. Pa. Apr. 17, 2025). Respondents' attorney argument is insufficient to rebut Petitioner's actual evidence. Respondents had the opportunity to submit declarations or other up-to-date evidence in support of their argument, but chose not to do so.

Accordingly, this factor weighs in favor of granting habeas relief.

### E.    Balance of Factors

Petitioner has shown that the factors set forth in German Santos balance in favor of the conclusion that his detention has become unreasonable, and that his continued detention without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment.

### III.    CONCLUSION

For the reasons set forth herein, the Petition will be conditionally granted.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.

Dated: August 25, 2025

BY THE COURT,

/s/ Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record (*via* CM/ECF)

10